UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA VALENTINE,

                  Plaintiff,                                 Case Number 16-12516

v.                                                                   Honorable David M. Lawson
                                                                         Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

_____/

## **ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

On August 9, 2017, Magistrate Judge David R. Grand filed a report recommending that the Court grant in part the plaintiff's motion for summary judgment in this Social Security appeal and remand the case for further proceedings under sentence four of 42 U.S.C. § 405(g). The Commissioner did not object to the report and recommendation, and the Court adopted it and entered judgment on August 24, 2017. Now before the Court is the plaintiff's motion for costs and attorney's fees under Equal Access to Justice Act (EAJA). She seeks $2,112.50 in fees and $400 in costs. The Commissioner has filed an answer in opposition, contending that the plaintiff has not shown an entitlement to attorney's fees under the EAJA because the Commissioner's position was substantially justified. The Commissioner does not dispute the amount of the fees, and appears not to contest the request for costs.

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). The statute requires the party seeking fees to establish that she has prevailed in a suit involving the government; thereafter, the government has

the burden to prove that its position was "substantially justified." *Sigmon Fuel Co. v. Tenn. Valley Auth.*, 754 F.2d 162, 166 (6th Cir. 1985) (citing *Berman v. Schweiker*, 713 F.2d 1290, 1293 n.9 (7th Cir. 1983)). Because the Commissioner has not sustained his burden, the Court will grant the motion.

I.

The magistrate judge determined that the case should be remanded to the agency for further proceedings under sentence four of 42 U.S.C. § 405(g), because the administrative law judge (ALJ) failed to consider important evidence that could have established that the plaintiff suffered a listing level impairment. The Supreme Court has determined that a remand under sentence four confers prevailing party status on the plaintiff. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (noting a "sharp distinction" between a sentence-four remand, which terminates the litigation with victory for the plaintiff, and a sentence-six remand, which does not"). Judge Grand found that substantial evidence in the record did not justify the ALJ's conclusion that the plaintiff was not disabled.

The main point of contention focused on Listing 1.07, which concerns fractures of an upper extremity. *See* 20 C.F.R. § Pt. 404, Subpart P, App. 1 § 1.07 ("Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset."). Judge Grand observed that "the ALJ explained his conclusion that Valentine did not meet Listing 1.07 in a single sentence: 'There is no objective medical evidence, as discussed below, showing [Valentine's] ulna fracture meets the requirements of this Listing.' (Tr. 24)." But "[t]wo pages

later, the ALJ dedicated close to two paragraphs to Valentine's treatment records regarding her ulna fracture. (Tr. 26)." Report & Recommendation [14] at 13-14 (Pg ID 643-44).

The magistrate judge noted that the parties agreed that the plaintiff met the requirements of the listing that she had suffered a fracture in one of the enumerated locations that would not rejoin, but they disagreed on whether she could show that she was under continuing surgical management for her condition, and whether her arm function had been restored or was expected to be restored within 12 months. Judge Grand concluded that the ALJ's finding overlooked substantial record evidence of ongoing surgical treatment for the fracture, and that the ALJ failed to acknowledge or explain the significance of that evidence in reaching his sketchy conclusion that the plaintiff did not meet or exceed the criteria of Listing 1.07.

What bothered Judge Grand the most was the ALJ's failure to account for evidence actually in the record that conflicted with his conclusion that there was "no medical evidence" showing that the plaintiff met the listing. That did not square with the ALJ's acknowledgment of treatment records showing that (1) on October 10, 2014, she underwent hardware removal and bone grafting of the left distal ulna; (2) at that time, there "was some sclerosis at the fracture margins, suggesting *chronic* non-union"; (3) on February 18, 2014, October 7, 2014, and December 17, 2014, the plaintiff's treating physician noted that the forearm "showed abnormalities"; (4) on April 30, 2014, the plaintiff had limited range of motion and tenderness with active and passive movement in her upper left extremity; (5) more than a year later, on May 20, 2015, the same treating physician found that the plaintiff's wrists, forearms, and elbows showed abnormalities related to supination, pronation, flexion, and extension, and "noted that attempted bone grafting and a bone stimulator 'failed to unite the 2nd non-union site [caused by the hardware placed in Valentine's arm] . . . the

non-union is no farther ahead than when we started'"; and (6) on August 20, 2015, another medical examiner found that the plaintiff had atrophy in her forearm muscles; tenderness in the left distal ulna shaft; pain upon palpation of the distal ulna; diminished range of motion in her left forearm with pain upon pronation and supination; and diminished range of motion in her left wrist with pain upon extension and flexion. The same examination also revealed "a nonunion" and that the plaintiff had weak grip strength. Report & Recommendation at 17-19 (Pg ID 647-49).

The magistrate judge believed that these inconsistencies needed explaining, and a remand for that explanation was required. As noted earlier, the Commissioner did not object.

II.

The Commissioner argues that the decision to defend the denial of benefits was substantially justified because the principal ground for the conclusion that remand was warranted was not a finding that the record clearly established the plaintiff's entitlement to benefits, but merely that the determination that the plaintiff failed to meet Listing 1.07 was not adequately explained and the ALJ failed to account for conflicting evidence in the medical record.

The Commissioner contends that the ALJ's failure adequately to explain his conclusion does not, in itself, establish that persistence in defending the ALJ's ruling was not substantially justified, particularly where there was some evidence in the medical record indicating that the plaintiff had normal arm function when she was examined in December 2013 and January 2014 (which, however, was around a year and a half before she was referred by her treating physician for follow-up treatment by an othopedist due to there being "no progress" in restoration of the fracture). *See* Report & Recommendation [14] at 15-17 (Pg ID 645-47).

Under the EAJA, the government's litigation position will be found to be substantially justified if it "had a reasonable basis in both law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In the context of Social Security benefits cases, substantially justified means "'justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565 (quoting *United States v. Yoffe*, 775 F.2d 447, 449-50 (1st Cir. 1985)).

Reasonableness, therefore, is the watchword. The Supreme Court has declared, "[t]o be 'substantially justified' means . . . more than merely undeserving of sanctions for frivolousness," since that standard alone is not in keeping with the reasonableness criterion. *Pierce*, 487 U.S. at 566. But the reasonableness standard does not require that the Commissioner prevail in the matter: the "'substantially justified' standard should not 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Scarborough v. Principi*, 541 U.S. 401, 415 (2004)). "'[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'" *Howard*, 376 F.3d at 554 (quoting *Pierce*, 487 U.S. at 569).

The Sixth Circuit has provided guidance on the question of substantial justification where the Commissioner rejects a Social Security benefits claim. In *Howard v. Barnhart*, the court found that when an administrative law judge is found to have selectively considered the evidence in denying benefits, the Commissioner's decision to defend that denial is without substantial justification. *Howard*, 376 F.3d at 554 (citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)). In that case, the court found that the ALJ's decision relied upon an erroneous residual functional capacity determination. The court determined that the ALJ should have accorded the claimant's

treating physician's opinions complete deference because they were not contradicted by any other medical opinion. Also important to the court's "substantial justification" analysis was the fact that the ALJ's hypothetical question to the vocational expert "fail[ed] to describe accurately [the plaintiff's] physical and mental impairments,'" since the question did not take account of the limitations confirmed by the treating physicians. *Howard*, 376 F.3d at 553 (quoting *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)).

By contrast, in *Jankovich v. Bowen*, 868 F.2d 867 (6th Cir. 1989), the court found that although the Commissioner's decision was not based on substantial evidence, it was still grounded in a reasonable belief in fact and law that the plaintiff was not disabled. In support of that finding, the court noted that several of the physicians who examined the plaintiff concluded that he had the functional capacity to perform his prior work, even though the plaintiff's own physician opined that the plaintiff was disabled during the relevant period of time, and that the physician could not determine the plaintiff's potential ability to return to his previous work until after shoulder surgery and rehabilitation. *Id.* at 870.

The Commissioner's opposition in this case is distinguishable from *Jankovich* and closer to the situation in *Howard*, because the principal conclusion of the magistrate judge that warranted remand here was that the ALJ expressly acknowledged substantial evidence suggesting that the plaintiff had an unresolved arm fracture and was receiving ongoing surgical treatment in an attempt to rejoin the break through 2014 and into 2015, but the ALJ failed to account for or explain the significance of that evidence in reaching his conclusion that there was "no evidence" that the plaintiff met or exceeded Listing 1.07. That was not merely a questionable conclusion based on conflicting and equally weighty medical evidence that could have supported a decision either way.

It was a wholesale abdication by the ALJ of his duty adequately to review and account for all the pertinent medical information, particularly where there was substantial information in the record indicating a lack of bone fusion and diminished arm function which plausibly suggested that the listing requirements were met.

Just as in *Howard*, where the principal error by the ALJ was selectively ignoring record evidence that directly contradicted his conclusion, with no elaboration of any reason why it was discounted or ignored, the government's election to persist in defending the denial of benefits here is not substantially justified. As the Sixth Circuit explained in *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494 (6th Cir. 2014):

> This is not a case where remand was based only on the ALJ's failure to adequately explain his findings, or where the weight given was explained by other facts in the record. The errors go to the heart of Glenn's disability claim. It is uncertain whether Glenn's application for benefits will ultimately be granted or denied. Irrespective of what happens on remand, however, Glenn had to retain counsel to ensure that her claim would be properly adjudicated. As we have explained, an ALJ must evaluate a claimant's disability in accordance with the applicable regulations and laws, including the requirement that the ALJ consider all evidence in the record. Because that was not done here, Glenn's evaluation contained at least five errors warranting reversal and remand. The government has failed to satisfy its burden to show that its position in support of this record was "justified in substance or in the main" or had a "reasonable basis both in law and fact."

763 F.3d at 500 (citations omitted).

The Commissioner's decision to persist in litigating the denial of benefits here was not "substantially justified" in light of the ALJ's wholesale disregard of substantial record evidence that called into question his decision on the listing issue.

III.

The plaintiff was the prevailing party, and the Commissioner has not shown that his litigation position was substantially justified.

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney fees [17] is **GRANTED**.

It is further **ORDERED** that the plaintiff may recover of the government attorney's fees in the amount of $2,112.50 and costs in the amount of $400.

          s/David M. Lawson
          DAVID M. LAWSON
          United States District Judge

Dated: January 22, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2018.

          s/Susan Pinkowski
          SUSAN PINKOWSKI